

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**GIANCARLO MARTINEZ**
*Assistant Corporation Counsel*
Phone: (212) 356-3541
Fax: (212) 356-3509
Email: gmartine@law.nyc.gov

September 6, 2019

**BY E.C.F.**
Honorable Judge Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     <u>Wilson Lugo v. City of New York, et al.</u>, 19-CV-6086 (VSB)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to the defense of the City of New York in the above-referenced matter. In that capacity, the undersigned respectfully writes (1) to request that Your Honor stay this case pending completion of the Civilian Complaint Review Board ("CCRB") investigation into the incident underlying the Complaint, and (2) to request a 60-day enlargement of time until after the completion of the CCRB investigation for all defendants to answer or otherwise respond to plaintiff's Complaint. Due to plaintiff's incarcerated *pro se* status, the undersigned has not been able to expeditiously confer with plaintiff regarding his positon to the above requests.

## A.  <u>Request for Stay</u>

Briefly by way of background, plaintiff alleges that on September 6, 2017, he suffered injuries due to excessive force by the arresting officers. On August 20, 2019, and on August 23, 2019, Officer Jose Valdez and the City of New York were served in this action respectively. (DE 10-11) This Office recently learned that there is an ongoing CCRB investigation into this incident.  Therefore, for the reasons set forth below, a stay of this matter is appropriate until the CCRB has concluded its investigation.

There are several reasons why this Office believes a stay is the most efficient way to proceed in this action.  First, a stay is warranted because until the CCRB investigation is resolved the parties will not have access to the investigation file, which is vital to the progress of

this litigation. The law enforcement privilege prevents disclosure of information or documents pertaining to a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y. 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted)). Additionally, these records are likely protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted). Consequently, the parties to this action will not have access to vital information, including witness statements, until the CCRB investigation is resolved, and so a stay is the most efficient way to proceed in this action.

Second, the Court should stay the instant action because the outcome of CCRB investigation could impact this Office's decision regarding representation. As the Court is aware, N.Y. Gen. Mun. L. § 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident in order to assume that employee's representation. Specifically, N.Y. Gen. Mun. L. § 50-(k)(2) requires this office to determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See also Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Accordingly, the outcome of the CCRB investigation may very well impact this Office's decision of representation of the individual defendants because if they are found to have violated NYPD procedures, there could be a conflict of interest between this Office and defendant Officers. Additionally, in the event that any criminal and/or disciplinary charges are brought against any of the Officers involved in the alleged incident, any testimony produced by the Officers in the instant civil case could potentially impact a criminal or departmental trial. Johnson v. N.Y. City Police Dep't., No. 01-CV-6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, *5, 2003 WL 21664882 (S.D.N.Y. July 16, 2003). Accordingly, requiring this case to proceed while there is an open investigation regarding the incident underlying the Complaint would prejudice defendants and would prevent them from preparing an effective defense of plaintiff's claims.

### B.  Enlargement of Time for Defendants to Respond

An enlargement is necessary as, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the Complaint. Plaintiff's CCRB complaint is currently under investigation and the undersigned is still awaiting receipt of the underlying Criminal Court and District Attorney's Office files associated with plaintiff's arrest and prosecution. Accordingly, a 60-day enlargement of time after the CCRB investigation is completed will be sufficient to respond to plaintiff's Complaint.

### C.  Conclusion

For all of the foregoing reasons, the undersigned respectfully requests that the Court grant the requests (1) for a stay this action in its entirety until the CCRB investigation is completed, and (2) for a 60-day enlargement of time until after the completion of the CCRB investigation for defendants to respond to plaintiff's Complaint. Should the Court grant the requested stay, the undersigned is prepared to file a status letter, at the request of the Court, regarding the progress of the CCRB investigation.

Thank you for your time and consideration in this regard.

Respectfully submitted,

/s/

Giancarlo Martinez
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, New York 10007
(212) 356-3541

cc:     **Via FIRST CLASS MAIL**
Wilson Lugo, DIN #19-A-1669
*Plaintiff Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929