

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>

## LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES JOHNSON**
*Corporation Counsel*

**GIANCARLO MARTINEZ**
*Assistant Corporation Counsel*
Phone: (212) 356-3541
Fax: (212) 356-3509
Email: gmartine@law.nyc.gov

May 8, 2020

**BY E.C.F.**

Honorable Judge Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Wilson Lugo v. City of New York, et al.</u>, 19-CV-6086 (VSB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the City of New York in the above-referenced matter. In that capacity, the undersigned respectfully writes (1) to inform the Court on May 7, 2020, the undersigned was advised by the Civilian Complaint Review Board ("CCRB") that the pending investigation into this incident is now closed, (2) to request the Court set the time for defendant City of New York to respond to plaintiff's Amended Complaint as August 7, 2020, and similarly hopes the Court *sua sponte* set the time for the individual defendants in this matter to respond to plaintiff's Complaint as August 7, 2020.

      Briefly, by way of background, on September 10, 2019, Your Honor granted a stay in this case, pending the resolution of the CCRB investigation and ordered the undersigned to provide a status update to the Court no later than October 9, 2019, and every thirty days thereafter. (DE 16). On May 7, 2020, the undersigned received notice that the pending CCRB investigation is complete.

      As this investigation is now concluded, this Office can now conduct an inquiry to determine whether it will represent the individual officers in this action. <u>See</u> General Municipal Law § 50(k); <u>Mercurio v. City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985); <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Because of the issues created by the current COVID-19, or coronavirus, pandemic, this Office requests until August 7, 2020 to respond to the Complaint.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic.  On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation.  On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable.  Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines.  On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses.

In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.

Of course, working from home creates a number of challenges that directly impact litigation.  This office's ability to meaningfully conduct an in-depth representation interview is frustrated by not being able to confer in person with the individual defendant.  Further, the New York City Police Department is under tremendous strain as thousands of officers have themselves been out sick.  This will hinder this Office's ability to timely conduct its investigation General Municipal Law § 50(k).

Accordingly, in light of the issues created by the current public health situation, the undersigned requests the Court set the time for defendant City of New York to respond to plaintiff's Amended Complaint to 90 days from the date of the CCRB case closure, from May 7, 2020, to August 7, 2020, and similarly with the hope the Court *sua sponte* set the time for individual defendants in this matter to respond to plaintiff's Complaint to August 7, 2020.

Respectfully submitted,

/s/ *Giancarlo Martinez*

Giancarlo Martinez
Assistant Corporation Counsel
Special Federal Litigation Division
(212) 356-3541

2

cc:    **<u>Via FIRST CLASS MAIL</u>**
Wilson Lugo, DIN #19-A-1669
*Plaintiff Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929