```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
WILSON LUGO,                                                :
                                                            :
                       Plaintiff,                           :
                                                            :       19-CV-6086 (VSB)
               -against-                                    :
                                                            :          ORDER
CITY OF NEW YORK, et al.,                                   :
                                                            :
                       Defendants.                          :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  Plaintiff brings this action under 42 U.S.C. § 1983 against the City of New York, three named New York City police officers, and four or five John Doe New York City police officers. (*See* Doc. 2.) I am in receipt of Plaintiff's motion for assignment of pro bono counsel to help him in answering interrogatories and dealing with other aspects of discovery, which was received by the Court's Pro Se Office on November 12, 2021, (Doc. 55), as well as Plaintiff's motion for an extension to provide discovery to Defendants, which was docketed on November 15, 2021, (Doc. 56).

  Plaintiff's motion for an extension of time is GRANTED. In it, Plaintiff states that his "access to the prison law library is limited" "[d]ue to COVID-19 restrictions." (*Id.* at 1.) I find this to be a sound reason for granting an extension.

  I next turn to Plaintiff's motion for the appointment of counsel. In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by

counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, Plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172. A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby

ORDERED that Plaintiff's application for the appointment of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, including after the close of discovery. For more information on proceeding pro se in this District, Plaintiff should visit this webpage: https://nysd.uscourts.gov/prose?clinic= or contact the NYLAG Legal Clinic for Pro Se Litigants at 212-659-6190.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: November 17, 2021
      New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge