UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                              :
WILSON LUGO,                                  :
                                              :
                              Plaintiff,       :
                                              :                    19-CV-6086 (VSB)
              -against-                         :
                                              :                    **OPINION & ORDER**
CITY OF NEW YORK, *et al.*,                    :
                                              :
                              Defendants.    :
                                              :
--------------------------------------------------------X

Appearances:

Brian Michael Dratch
The Dratch Law Firm, P.C.
New York, NY
*Counsel for Plaintiff*

Hannah Victoria Faddis
Seema Kassab
Joshua S Kaufman
Giancarlo Nicholas Martinez
New York City Law Department
New York, NY
*Counsel for Defendants*


VERNON S. BRODERICK, United States District Judge:

        Pending before me is Plaintiff Wilson Lugo's ("Plaintiff" or "Lugo") motion for issuance

of a summons to Detective Thomas Parchen ("Det. Parchen"), (Doc. 131 ("Motion to Serve

Summons")), and his motion to amend/correct the Motion to Serve Summons, (Doc. 133

("Motion to Amend")).  Because Plaintiff fails to demonstrate good cause for his failure to serve

Det. Parchen, the motions are DENIED.

I.    **<u>Factual Background</u>**[1]

On September 6, 2017, Lugo was visiting a friend at his apartment in the Bronx.  (56.1 Stm. ¶ 6.)  Unbeknownst to Lugo, there was an active warrant for his arrest in relation to a shooting, and Detectives Joseph Parchen and Pedro Gomez were tracking his location from an unmarked police sedan nearby.  (*Id*. ¶¶ 2–4.)  As Lugo walked down the street, Det. Parchen accelerated the unmarked police car into him.  (*See* Doc. 102-4 ("Lugo Dep.") at 18:4-19:21; *see also* Doc. 102-3 ("Parchen Dep.")[2] at 16:18-23, 23:4-17 (noting that Det. Parchen "quickly sped up when [he] got close to [Plaintiff]").)  Lugo was hit in the hip, fell to the ground, got up, and started running away.  (Lugo Dep. 18:4-7, 19:9-16.)  Lugo testified that a heavyset individual caught up with him, and three other individuals "punch[ed him] and kick[ed him] all over" before handcuffing him.  (*Id*. 18:7-13; *see also id*. 25:7-19, 31:11-35:3.)

According to Det. Parchen's November 15, 2022 deposition testimony, he did not hit Lugo with the car, but rather he "quickly sped up when [he] got close to [Lugo]," cut him off from an entrance to a chain link fence, and "said police, don't move."  (Parchen Dep. 18:25-19:11, 23:10-13.)  Lugo evaded Det. Parchen and Officer Gomez and started to run towards the other side of the alleyway, but ran right into another group of officers, who were able to apprehend him because they blocked the other end of the alleyway.  (*Id*. 24:24-25:3, 26:7-23.)

---

[1] I draw these facts primarily from Defendants' Local Rule 56.1 Statement, (Doc. 101-1 ("56.1 Stm.")), as Plaintiff did not file a Rule 56.1 statement or otherwise oppose Defendants' motion for partial summary judgment.  *See Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003); *MM Ariz. Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 590 n.1 (S.D.N.Y. 2009); *Minus v. City of New York*, 488 F. Supp. 3d 58, 60 n.2 (S.D.N.Y. 2020).  I also cite to other portions of the record as necessary.  I assume familiarity with the more complete factual and procedural background as thoroughly set out in my Opinion & Order granting Defendants' motion for partial summary judgment.  (Doc. 121 ("Opinion" or "Op.").)

[2] Citations to the Parchen Deposition are to the internal page numbers of the deposition.

The arresting officers placed Lugo in an unmarked police car and drove him to the 42nd Precinct. (56.1 Stm. ¶ 15; Parchen Dep. 16:18-23, 27:22-28:2.)

## II.    **Procedural History**

Plaintiff filed this action pro se on June 27, 2019, alleging that officers used excessive force when arresting him and then ignored his medical needs in the following days.  (*See* Doc. 2.)  The complaint named the City of New York (the "City"), the New York City Police Department ("NYPD") 42nd Precinct, NYPD Officers Sasha Brugal ("Brugal"), Jose Valdez ("Valdez"), Pedro Gomez ("Gomez"), and John Doe Officers as defendants, in both their individual and official capacities.  (*Id.*)  On July 11, 2019, summonses were issued as to defendants the City, and Brugal, Gomez, Valdez.  (Docket entry dated July 11, 2019.)

On April 30, 2021, Plaintiff filed an amended complaint, which is the operative complaint in this action.  (Doc. 43 ("Am. Compl." or "Amended Complaint").)  The Amended Complaint asserts an excessive-force claim and an indifference-to-medical-needs claim under 42 U.S.C. § 1983 against the previously named defendants, as well as NYPD Officers Mario Escobar, Michael Fahy, Michael Werner, Det. Parchen, and then-Mayor Bill DeBlasio.  (*See id.*)  The Amended Complaint named Det. Parchen for the first time.  (*See id.*)

On May 11, 2021, defendants City, Brugal, Valdez, and Gomez filed a letter providing the Court with the service addresses for newly named defendants as set forth in the Amended Complaint, including Det. Parchen.  (Doc. 44.)  The letter notes that "the newly named defendants . . . have not been served with a copy of the Summons and Complaint."  (*Id.* at 2.)  Pursuant to Fed. R. Civ. P. 4(m), service of process was required to be made within 90 days of the filing of the Amended Complaint, on or before July 29, 2021.  The docket reflects that no summonses were requested or issued to the newly named defendants in the Amended Complaint.

On June 21, 2021, defendants City, Brugal, Valdez, Gomez, and Werner (the "Served Defendants") filed a letter requesting an extension of time for Werner to answer or otherwise respond to the Amended Complaint and stating that although the Amended Complaint named "Detective Mario Escobar, retired Detective Werner, Detective Michael Fahy, and Detective Joseph Parchen" that "only Detective Werner has been served with a copy of the Summons and Complaint." (Doc. 46.) On August 12, 2021, the Served Defendants filed an answer to the Amended Complaint, which stated that defendants DeBlasio, Det. Parchen, Escobar, and Fahy were not served with the Amended Complaint. (Doc. 49 at 1 n.1.) On September 30, 2021, the Served Defendants filed a joint status report after the parties met and conferred telephonically, and noted for a third time that defendants DeBlasio, Det. Parchen, Escobar, and Fahy had not been served. (Doc. 52 ¶ 7.)

On July 6, 2022, Plaintiff advised the Court that he had retained his current counsel, (Doc. 74), and counsel for Plaintiff appeared in this action on August 3, 2022, (Doc. 77). On November 15, 2022, Det. Parchen was deposed. (Doc. 102-3).

On April 14, 2023, the Served Defendants filed a motion for partial summary judgment, (Doc. 100), along with a memorandum of law, (Doc. 101), a Local Rule 56.1 Statement of Material Facts, (Doc. 101-1), and supporting exhibits (Docs. 102–03). The Served Defendants argued that: (1) Plaintiff's claims against Det. Parchen, Fahy, Escobar, and DeBlasio must be dismissed for lack of service; (2) Plaintiff's excessive-force claim must be dismissed because none of the properly-served individual Defendants were present during Lugo's arrest; (3) Plaintiff's deliberate-indifference-to-medical-needs claim fails on the merits; and (4) Plaintiff has not established the City's municipal liability for any claim. On May 31, 2023, Plaintiff requested an extension of time to file a response to the Served Defendants' motion until June 30, 2023,

4

(Doc. 105), which I granted, (Doc. 106).  However, Plaintiff did not file an opposition to the Served Defendants' motion, and on July 12, 2023, I issued an order that I would consider the motion fully briefed.  (Doc. 108.)

On July 16, 2025, I issued an Opinion & Order granting Served Defendants' motion for partial summary judgment.  (*See* Op.)  Among other things, I dismissed all claims against defendants Fahy, Escobar, Det. Parchen, and DeBlasio without prejudice.  I did so because Plaintiff did not dispute that he had not effectuated service on defendants Fahy, Escobar, Det. Parchen, or DeBlasio.  (*See* 56.1 Stm. ¶¶ 28–30 (stating the May 11, June 21, and September 30, 2021 letters and August 21, 2021 answer noted the lack of service on defendants Fahy, Escobar, Parchen, and DeBlasio, and that no affidavits of service had been filed for these defendants); Doc. 112 (Plaintiff's attorney's letter to the Court advising that he is not in possession of records of service prior to his representation and that "prior to [his] involvement on the matter, [Plaintiff] did not properly serve the defendants with process"); Doc. 114 (Plaintiff's letter to the Court advising that he has not served defendants).)  Since defective service deprives the Court of jurisdiction over these defendants, I dismissed the claims against defendants Fahy, Escobar, Det. Parchen, and DeBlasio without prejudice because they were not properly served.  (Op. 9.)

On July 23, 24, 28, and 29, 2025, Plaintiff repeatedly requested the issuance of a summons for Det. Parchen, requests which were rejected.  (Docs. 126, 127, 129, 130).  Thus, on August 12, 2025, Plaintiff filed a "Motion to Serve Summons as to Joseph Parchem [sic]," (Doc. 131), along with a declaration and exhibits, (Docs. 131-1–131-6), followed by a "Motion to Amend/Correct" the Motion to Serve Summons on August 13, 2025, (Doc. 133), along with an exhibit of Det. Parchen's deposition from November 15, 2022, (Doc. 133-1).  Neither the Motion to Serve Summons nor the Motion to Amend contained a memorandum of law, and the Motion to

Amend did not contain a declaration in support.  (*See* Docs. 131, 133.)  The Notice of Motion for the Motion to Amend appears to be a duplicate of the Notice of Motion for the Motion to Serve Summons.  (*See id*.)  Thus, the Motion to Amend was likely filed simply to attach the exhibit of Det. Parchen' deposition, which was not attached as an exhibit to the Motion to Serve Summons. (*See* Docs. 133, 133-1.)

On September 8, 2025, Defendants filed an opposition to the Motion to Serve Summons. (Doc. 140.)  On October 1, 2025, I issued an order directing Plaintiff to file a reply brief in support of the Motion to Serve Summons or the Motion to Amend, if he wished to do so, by October 17, 2025.  (Doc. 144.)  On October 17, 2025, Plaintiff filed a declaration in support of the Motion to Serve Summons, (Doc. 146), along with exhibits, (Docs. 146-1–146-7).

### III.   Legal Standard

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).  In this context, "good cause" means "exceptional circumstances . . . beyond the plaintiff's control," accounting for "whether the plaintiff was diligent in making reasonable efforts to effect service" and "the prejudice to the defendant from the delay." *George*, 221 F. Supp. 3d at 432–33 (internal quotation marks omitted).  A "delay in service resulting from the

mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *Id*. at 433 (quoting *AIG*, 197 F.R.D. at 108).

## IV.    Discussion

### A.    Local Rule 7.1

As an initial matter, Defendants contend that I should deny the Motion to Serve Summons for Plaintiff's failure to file a memorandum of law in accordance with Local Rule 7.1. (*See* Doc. 140 at n.1.)  Local Civ. R. 7.1(a) provides that all motion papers, except for letter motions permitted by Local Civ. R. 7.1(e), must include a notice of motion, memorandum of law, and supporting affidavit and exhibits thereto.  Local Civ. R. 7.1(e) provides that the only motions that can be brought by letter motions, unless otherwise authorized by a judge's individual practices or permitted by the Court, are "[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar nondispositive matters." The Motion to Serve Summons does not include a memorandum of law, (*see* Doc. 131), but does contain Plaintiff's attorney's declaration in support without any case law citations, (Doc. 131-1). The Motion to Amend does not include a memorandum of law or a supporting affidavit.  (Doc. 133.)  Although "[a] moving party's failure to comply with Local Rule 7.1 is sufficient grounds to deny a motion," *Anora v. Oasis Pro. Mgmt. Grp., Ltd.*, No. 19-CV-11732, 2023 WL 2307180, at *2 (S.D.N.Y. Mar. 1, 2023) (quoting *Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc.*, No. 18-CV-12255, 2021 WL 621205, at *1 (S.D.N.Y. Feb. 17, 2021)), the Second Circuit has held that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).  "It is the business of the district court to determine whether fairness

demands that noncompliance be excused." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85–86 (2d Cir. 2000) (internal citations omitted).

The Motion to Serve Summons and Motion to Amend adequately apprised Defendants of the "relief sought by the motion," Local Civ. R. 7.1(a)—the issuance of a summons to Det. Parchen.  However, the Motion to Serve Summons and Motion to Amend did not adequately apprise Defendants of the "applicable rules or statutes pursuant to which the motion is brought," and "the cases and other authorities relied on in support of the motion," Local Civ. R. 7.1(a).  Indeed, it is unclear what rule Plaintiff brings the Motion to Serve Summons and Motion to Amend under, as no rule or caselaw is cited in either motion.  However, Plaintiff's reply, which is a declaration by Plaintiff's attorney, cites Fed. R. Civ. P. 4(m) and states: "F.R.C.P. 4(m) provides that if a defendant is not served within 90 days from the issuance of a complaint, the Court is directed to dismiss that defendant without prejudice.  The Rule further provides that if a plaintiff shows 'good cause' the time to serve may be extended.  Here, [P]laintiff filed suit against defendant Parche[n] within the applicable statute of limitations, but the summons was never issued and that Marshall's [sic] Service was never directed to serve Parche[n].  Plaintiff has shown good cause." (Doc. 146 ¶¶ 13–14.)  Thus, I construe Plaintiff's Motion to Serve Summons as a motion for an extension of time to serve Det. Parchen under Fed. R. Civ. P. 4(m).

Despite Plaintiff's failure to comply with Local Civ. R. 7.1, I exercise my discretion and adjudicate the Motion to Serve Summons and Motion to Amend on the merits despite Plaintiff's noncompliance with Local Civ. R. 7.1.  *See Rhee v. SHVMS, LLC*, No. 21-CV-4283, 2023 WL 8889697, at *9 (S.D.N.Y. Dec. 26, 2023), *reconsideration denied*, 2024 WL 449289 (S.D.N.Y. Feb. 5, 2024) (not dismissing plaintiff's motion for prejudgment interest despite the "technical deficiencies" in the motion, including the failure to file a notice of motion and memorandum of

law because the motion "adequately apprised" the defendants of the basis of the motion); *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 155 (E.D.N.Y. 2016) ("[A] motion need not be denied for failure to serve a Notice of Motion so long as the parties are fairly and adequately apprised of the nature and basis of the application." (internal quotation marks omitted)).

Therefore, I do not dismiss the Motion to Serve Summons and Motion to Amend for failing to comply with Local Civ. R. 7.1.

### B.      *Motion to Serve Summons*

While noting that "[i]t does not appear" that any "summonses were ever issued to the newly named defendants in the [A]mended [C]omplaint," and that I previously dismissed the action against Det. Parchen "because he was never served with process," Plaintiff seeks the issuance of a summons as to Det. Parchen because "[t]here is no real prejudice to Detective Parche[n] as he has already been deposed [and] has been on [n]otice of this matter since 2021." (Doc. 131-1 ¶¶ 8, 11–12, 15.)  As noted, Plaintiff's attorney's declaration in support of the Motion to Serve Summons does not cite case law in support of his request for the issuance of a summons.  (*See* Doc. 131-1.)  However, Plaintiff's reply in support of the Motion to Serve Summons, which is a declaration by Plaintiff's attorney and not a memorandum of law with case law, cites F.R.C.P. 4(m) and says that Plaintiff has shown good cause for the issuance of a summons.  (Doc. 146 ¶¶ 13–14.)

Plaintiff's justifications for the delay in effectuating service on Det. Parchen do not constitute good cause.  Although Plaintiff does not say so directly, he appears to blame the lack of service on the fact that he filed the Amended Complaint pro se.  (*See* Doc. 131-1 at ¶ 14 ("At the time that plaintiff filed the Amended Complaint, he was *pro se*.  It is submitted following Corporation Counsel's letter of May 11, 2021 which provided the addresses of the newly named

9

defendants, summons should have issued and the Marshall's [sic] Service should have been directed to serve the defendants. For whatever reason, this was not accomplished."); Doc. 146 at ¶ 14 ("Here, plaintiff filed suit against defendant Parche[n] within the applicable statute of limitations, but the summons was never issued and that Marshall's [sic] Service was never directed to serve Parche[n]. Plaintiff has shown good cause.").) "Notably, plaintiff's *pro se* status does not alter the court's determination that plaintiff has failed to establish good cause for her improper service. '[A] plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (quoting *Harper v. NYC Admin. for Children's Servs.*, No. 09-CV-2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010)). Indeed, Plaintiff does not address the applicable law governing an extension of time to serve the case under Fed R. Civ. P. 4(m). (*See generally* Docs. 131, 131-1, 133, 146.) Moreover, Plaintiff "does not explain why it was not practicable to at least serve [Det. Parchen] or request a summons for [him] within the 90-day deadline," *Junior-Donohue v. Fudge*, No. 23-CV-2474, 2023 WL 5152299, at *2 (S.D.N.Y. Aug. 10, 2023), or why Plaintiff did not seek to extend the time to serve Det. Parchen. Instead, Plaintiff merely states that he filed the suit within the statute of limitations but the summons was never issued or served on Det. Parchen. (Doc. 146 ¶ 14.) This assertion does not demonstrate good cause. Furthermore, "[t]he failure to even request a summons weighs against finding good cause." *Junior-Donohue*, 2023 WL 5152299, at *2. Plaintiff's conduct does not suggest that the delays in service resulted from "exceptional circumstances." *George*, 221 F. Supp. 3d at 432. Thus, I do not find that good cause exists.

Although I find that Plaintiff has not demonstrated "good cause," I recognize that I nonetheless have the discretion to extend the deadline for service.  *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) ("A district court may [also] grant an extension in the absence of good cause, but it is not required to do so.").  "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors:  (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service."  *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

Here, Plaintiff asserts an excessive-force claim and an indifference-to-medical-needs claim under 42 U.S.C. § 1983.  (*See* Am. Compl.)  "Section 1983 actions filed in New York are [] subject to a three-year statute of limitations."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  Thus, the first factor considered—"whether any applicable statutes of limitations would bar the action once refiled," *DeLuca*, 695 F. Supp. 2d at 66—weighs in Plaintiff's favor because the underlying claims in this case accrued on September 6, 2017, (56.1 Stm. ¶ 6), and the applicable statute of limitations would likely bar this action if it were refiled.  *See George*, 221 F. Supp. 3d at 435–36 ("[C]onsiderations of applicable statutes of limitations weigh in [the plaintiff's] favor, for at least some of his claims may be time-barred once refiled.").

The remaining three factors focus on the defendant.  The second factor— "whether the defendant had actual notice of the claims asserted in the complaint," *DeLuca*, 695 F. Supp. 2d at 66—weighs against Plaintiff because there is no evidence that Det. Parchen had actual notice of the claims asserted against him in the Amended Complaint within the period of service.  Plaintiff

11

asserts that Det. Parchen "has been on [n]otice of this matter since 2021," (Doc. 131-1 ¶ 15), but does not say how.  It could be argued that Det. Parchen must have been on notice of the claims asserted in the Amended Complaint by November 15, 2022, when he was deposed, (Doc. 133-1), which was 19 months after the Amended Complaint was filed.  However, I can find no other indication in the docket regarding an earlier instance of Det. Parchen's notice to lessen any prejudice.  Importantly, "[n]either actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (quoting *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996)); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process.").  Plaintiff cannot demonstrate that he made diligent attempts but has failed to serve Det. Parchen since Plaintiff fails to set forth any facts which would support a finding that he had even attempted to serve Det. Parchen until he began requesting a summons in July 2025—over four years after the Amended Complaint was filed—once I issued the Opinion and dismissed Det. Parchen from the action.  (*See* Docs. 126, 127, 129, 130.)

The third factor—"whether defendant attempted to conceal the defect in service"— weighs against extending the time for service as Det. Parchen clearly did not "attempt[] to conceal the defect in service." *DeLuca*, 695 F. Supp. 2d at 66.  In fact, Defendants noted four times—in the May 11, 2021 letter, (Doc. 44), the June 21, 2021 letter, (Doc. 46), the August 12, 2021 answer, (Doc. 49), and the September 30, 2021 status report, (Doc. 52)—that the newly named defendants, including Det. Parchen, had not been served.  *See Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) ("[T]he third factor weighs against

12

Plaintiff, since Defendants have repeatedly raised the service deficiencies since the very outset of this litigation and Plaintiff still has not attempted reasonable efforts to cure them.").

The fourth factor—"whether defendant would be prejudiced by extending plaintiff's time for service," *DeLuca*, 695 F. Supp. 2d at 66—likewise weighs against extending the time for service. Although Plaintiff asserts that "[t]here is no prejudice" because Det. "Parche[n] has been deposed" and "[h]e is on record denying the allegations," (Doc. 146 ¶ 15), I disagree. Det. Parchen would be prejudiced by "the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198; *see also Vaher*, 916 F. Supp. 2d at 421 ("[W]ith respect to the fourth factor, extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants, especially where, as here, both the service period and the statute of limitations period have long since expired."). Moreover, the Amended Complaint was filed over four and a half years ago, discovery has been completed, I issued an opinion granting Defendants' motion for partial summary judgment, and trial is scheduled to begin on April 13, 2026. "While this prejudice is lessened if [Det. Parchen] had actual notice of the plaintiff's claims, the delay in this case was unusually lengthy and unreasonably prolonged by Plaintiff's lack of diligence." *Id.* (citing *Zapata,* 502 F.3d at 198–99).

Additionally, as the Second Circuit has observed, "in the absence of good cause" to excuse a lack of service, "no weighing of the prejudices between the [] parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198. Considering the factors discussed above, I decline to exercise my discretion to extend the deadline for service on Det. Parchen.

## V.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Serve Summons and Motion to Amend

are DENIED.  The Clerk of Court is respectfully directed to terminate the pending motions at

Docs. 131 and 133.

SO ORDERED.

Dated:    March 3, 2026
          New York, New York

Vernon S. Broderick
United States District Judge

14